No. 65534.—Arnart Imports, Inc. *v.* United States, protest 59/33655 (New York).

JOHNSON, Judge: This is a protest against the collector's assessment of duty on earthenware salt and pepper shakers, imported from Japan on or about March 20, 1958, at 10 cents per dozen pieces and 25 per centum ad valorem under paragraph 211 of the Tariff Act of 1930, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, T.D. 53865, effective September 10, 1955, T.D. 53877. It is stated that 840 dozen pair were entered on the bond and that they were returned as 1,680 dozen pair. It is claimed that the stoppers should not have been included as separate pieces because of a ruling of the Customs Department that salt and peppers were units wherein the stopper was considered part of the article.

At the trial, counsel for the respective parties stipulated as follows:

MR. MANDELL: Plaintiff offers to stipulate that the salt and pepper shakers that are on the invoice embraced in the entry subject to the protest identified as Item Number 7784, which was assessed for duty at 10 cents per dozen pieces and 25 per cent ad valorem, under Paragraph 211, on the quantity of 1,680 pieces were, in fact, 840 dozen pieces. That is the fact. They were assessed on the basis of 1,680 dozen pieces, whereas in fact there were only imported 840 dozen pieces, and they consist of salt and pepper shakers with stoppers, to identify it further.

MRS. ZIFF: On the advice of the Appraiser's office, I stipulate.

\*         \*         \*         \*         \*         \*         \*

MR. MANDELL: Well, to clarify it further, it is agreed that the correct quantity of the merchandise herein actually imported was subject to duty solely on 840 pieces or units, 10 cents per dozen—840 pieces. These were salt and pepper shakers, and the stoppers that were composed were counted separately, but the Government concedes that they are units, and that the stoppers are not separate pieces; they are round stoppers.

MRS. ZIFF: We so stipulate, your Honor.

The invoice papers in the court's files were then offered and received in evidence.

The invoice describes the merchandise covered by item No. 7784 as follows:

| 70 c/t 840 dz. prs. | (Accepted on 14th Sept., 1957) *Art. No. 7784* (Ord. #. 4105) Earthen 4″ Animal S/P shaker, 6 assorted animals. 12 dz. prs. per carton. | *per dz. pr.* 1.21 |

From the invoice description, it would appear that the merchandise consisted of 840 dozen *pairs*. The protest states that 840 dozen *pairs* were entered and duty was assessed on 1,680 dozen *pairs*. The stipulation states in one place that there were imported only 840 *pieces* and in another 840 *pieces* or *units*; and that duty was assessed on 1,680 dozen *pieces*.

It was also stated that the salt and pepper shakers had round stoppers; that the stoppers were counted separately, and that "the Government concedes that they are units, and that the stoppers are not separate pieces." Whether this was meant to indicate that the stoppers were not, in fact, separate pieces is unclear. No sample of the merchandise was offered in evidence. Since the stoppers were counted separately, and in view of the nature of such articles, it would appear that they were detachable pieces.

The question then is whether the specific rate of duty was assessed on the proper quantity of merchandise.

The pertinent provision of the tariff act, as modified, is as follows:

| | |
|---|---|
| Plates of the diameters specified heretofore in this item, cups, saucers, and *articles* other than plates, cups, and saucers; each of the foregoing which is valued at not more than the minimum value specified heretofore in this item in respect of the like articles. [Italics supplied.] | 10¢ per doz. *pieces* and 25% ad val. |

In *United States* v. *S. H. Kress & Co. et al.*, 23 C.C.P.A. (Customs) 90, T.D. 47764, it was held that the terms "articles" and "pieces," as used in paragraph 211, as originally enacted, were not synonymous and that each component part of earthenware articles, with detachable bottoms, tops, and other parts, was to be counted as one piece in applying the specific rate of 10 cents per dozen pieces. The court said (pp. 93–94):

We are of the opinion that the collectors' count of each individual piece of the earthenware involved in the various entries was the proper application of the controverted provision. We base this conclusion chiefly upon the context of paragraph 211. It will be noticed that the paragraph calls for "all other articles * * * 10 cents per dozen pieces." It seems obvious that "articles" and "pieces" are not used in a synonymous sense, since if it was the purpose of Congress to treat each article, each entirety, with its several pieces, as one piece, it would have been unnecessary to have used the term "pieces" at all. The paragraph could well have read "and all other articles * * * 10 cents per dozen."

In *United China & Glass Co.* v. *United States*, 40 Cust. Ct. 596, Abstract 62058, the merchandise consisted of wall planters, composed of two pieces of earthenware and one piece of wood. It was held that the merchandise was an entirety in chief value of earthenware, dutiable under paragraph 211, as modified, and that the specific rate of 10 cents per dozen pieces was applicable to each piece, including the piece composed of wood.

Likewise, in the instant case, the specific rate of duty must be assessed on each separate piece of the imported merchandise, including detachable stoppers. It is presumed that the collector assessed duty on the correct number of pieces. The record before us is insufficient to establish otherwise. Therefore, the protest must be overruled and judgment rendered for the defendant.

### CONCURRING OPINION

Donlon, Judge: I concur in the result.

In open court, plaintiff offered, and defendant accepted a conclusory statement as if it were a stipulation of fact. This it is not. Plaintiffs do not prove their cases by stipulating the ultimate facts which it is the duty of the court to find from the evidence.

Here, plaintiff might have offered proofs, or might have stipulated, that the merchandise of this importation comprised such and so many salt shakers, each with or without removable top, and such and so many pepper shakers, each with or without removable top. From such a record, on such proofs, the court might find how many *pieces* there were in the importation.

The record before us is contradictory and confused, to say the least. The conclusory statement, discussed above, is that there were 840 dozen *pieces* of merchandise. The official papers, which were put in evidence, show that there were entered 840 dozen *pairs* of salt and pepper shakers. The court may take judicial notice, from common observation, that a *pair* of salt and pepper shakers consists of at least two *pieces*. It may consist of four pieces, in the tariff sense, depending on the kind of top the shakers have.

While it is not evidence, and I do not weigh it as such, counsel commented extensively on trial on the fact that these salt and pepper shakers did have removable tops.

On the record before us, it is at least possible that plaintiff was undercharged with duty, and there is no proof that it was overcharged. Were there, in fact, 3,360 dozen *pieces*, viz, a salt shaker, a salt shaker top, a pepper shaker, and a pepper shaker top, in each of the 840 dozen imported *pairs*? Or were there only 1,680 pieces? Or something else? It is idle to speculate.

Certain it is that plaintiff has not overcome the presumption that the collector's liquidation was correct, although it has cast some doubt on its adequacy.